IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KENNETH HENDERSON,

    Plaintiff,

v.      Civil Action No. 1:18-cv-825

FAIRFAX-FALLS CHURCH
COMMNITY SERVICE BOARD,
*et al.*,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants Fairfax-Falls Church Community Service Board ("FFCCSB"), Fairfax County Government ("FCG"), and INOVA Health System's ("INOVA") (collectively "Defendants") Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

Plaintiff is a forty-six-year-old, African-American man who suffers from osteoporosis in his hips and sleep apnea. Plaintiff alleges that he was a substance abuse counselor for FCG before that function was given to FFCCSB, and then subsequently for FFCCSB. Plaintiff alleges that during his employment, FFCCSB underwent budget cuts and INOVA was to hire many of its employees as part of the 2014 Merrifield Land Agreement ("MLA").

Plaintiff further states that he attempted to get a certification that was needed if he were to work for INOVA. The certification required, among other things, for Plaintiff to work 2000 hours in the field which could be done at FFCCSB.

Plaintiff alleges that FFCCSB discriminatorily prevented him from reaching the hours requirement due to his race, age, genetics, and disabilities. Plaintiff alleges that FFCCSB knew of his disabilities due to the access FFCCSB employees had to INOVA's patient record system. Plaintiff further alleges that he did not always have an African-American manager at FFCCSB, but an African-American nurse from INOVA was placed over him near the end of his employment to provide cover his eventual firing.

Plaintiff alleges that he continues to be subject to retaliation from FFCCSB and FCG employees he believes are preventing his employment across the country.

Plaintiff filed his first charge with the EEOC against FCG alleging race and age discrimination along with retaliation on June 1, 2016. Plaintiff received his right-to-sue-letter for that charge on June 14, 2016. Plaintiff filed his second charge against FCG in July 2016 alleging racial discrimination and retaliation. He received his right-to-sue-letter for that charge on September 8, 2016.

Plaintiff filed this lawsuit on July 3, 2018. Defendants move to dismiss the lawsuit for lack of subject-matter

jurisdiction, personal jurisdiction, and failure to state a claim.

FFCCSB contends that it is not statutorily capable of being sued. Rule 12(b)(2) permits dismissal of an action where there is a lack of personal jurisdiction. Muniz v. Fairfax Cty. Police Dep't, No. 1:05-cv-466, 2005 U.S. Dist. LEXIS 48176 *4 (E.D. Va. Aug. 2, 2005). The capacity of an entity that is neither an individual or corporation is determined by state law. Fed. R. Civ. P. 17(b)(3). An entity that does not have capacity to be sued is outside the personal jurisdiction of the court. Muniz, 2005 U.S. Dist. LEXIS 48176 *4.

Virginia law determines the capacity for suit of entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3). When a statutorily created body is not granted the power to sue or be sued in the enumeration of its powers, it is not capable of being sued. Davis v. City of Portsmouth, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), aff'd 742 F.2d 1448 (4th Cir. 1984). Here FFCCSB was created by statute, Va. Code Ann. §§ 37.2-500 et seq., and was not granted the power to sue or be sued in the enumeration of its powers, Va. Code Ann. § 37.2-504. As FFCCSB does not have the statutory power to be sued as an entity, it is not a proper party and this Court lacks personal jurisdiction over it.

Defendants contend that this Court lacks subject-matter jurisdiction over this case because Plaintiff failed to exhaust his administrative remedies. In a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court may look beyond the four corners of the complaint in order to satisfy itself of jurisdiction. Mims v. Kemp, 516 F.2d 21, 23 (4th Cir. 1975). The plaintiff has the burden of proving that jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Once it is established that there is no subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (internal quotations omitted). The failure to exhaust administrative remedies deprives the Court of subject-matter jurisdiction. Jones v. Calvert Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009).

In this case, Plaintiff never filed any charge against FFCCSB or INOVA with the EEOC. Further, Plaintiff did not raise claims of genetic and disability discrimination when he filed his charges against FCG. Only claims stated in the initial charge or those reasonably related to them may be maintained in a subsequent lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976)). This failure to

previously charge either FFCCSB or INOVA or to raise the genetic and disability claims against FCG means that Plaintiff did not exhaust his administrative remedies. Plaintiff's failure to exhaust his administrative remedies deprives this Court of subject-matter jurisdiction.

Defendants contend that even if this Court has jurisdiction, Plaintiff failed to state a plausible cause of action against them. A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must provide a short, plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

INOVA contends that Plaintiff failed to state a plausible cause of action against it. In order to state a plausible claim, a plaintiff must allege that the opposing party caused them harm in some way. Iqbal, 556 U.S. at 679. Here, Plaintiff did not allege in his complaint that he was ever employed by or applied to work for INOVA, a key element of employment discrimination.

5

In his response to this Motion, Plaintiff alleged that he was a quasi-employee of INOVA due to the MLA. However, the Court may only look at the facts pleaded in the complaint when determining its sufficiency on a 12(b)(6) motion. E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Plaintiff failed to include facts in his complaint that demonstrated an employment relationship with INOVA based on the MLA. Plaintiff did note in his complaint that a nurse from INOVA was placed in a managerial position over him. However, no facts alleged demonstrate this created an employment relationship or how INOVA discriminated against Plaintiff. Without such facts, Plaintiff did not state a claim for relief.

Lastly, Defendants argue that Plaintiff is barred by the statute of limitations on any employment related claim he may have against them. A plaintiff only has 90 days to file a claim in federal court upon receiving a right-to-sue-letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Failure to file within the statute of limitations is treated as a failure to state a claim. Asbury v. Cty. of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009). Plaintiff received his right-to-sue-letters in June and September of 2016 and filed this lawsuit on July 3, 2018. This is well beyond the 90-day statute of limitations.

For the reasons mentioned, the Court concludes that Plaintiff failed to state plausible claims against Defendants

and that it is without jurisdiction. Dismissal is granted to all Defendants. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 20, 2018