IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KENNETH HENDERSON,

    Plaintiff,

v.       Civil Action No. 1:18-cv-825

FAIRFAX-FALLS CHURCH
COMMNITY SERVICE BOARD,
*et al.*,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants Fairfax-Falls Church Community Service Board ("FFCCSB"), Fairfax County Government ("FCG"), and Inova Health System's ("Inova") (collectively "Defendants") Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

Plaintiff is a forty-six-year-old, African-American man who suffers from osteoporosis in his hips and sleep apnea. Plaintiff alleges that he was a substance abuse counselor for FCG before that function was given to FFCCSB, and then subsequently for FFCCSB. Plaintiff alleges that during his employment, FFCCSB underwent budget cuts and Inova was to hire many of its employees as part of the 2014 Merrifield Land Agreement ("MLA").

Plaintiff further states that he attempted to get a needed certification in order to work for Inova as a substance abuse counselor. The certification required, among other things, for Plaintiff to work 2000 hours in the field which could be done at FFCCSB.

Plaintiff alleges that FFCCSB discriminatorily prevented him from reaching the hours requirement due to his race, age, genetics, and disabilities. Plaintiff alleges that FFCCSB knew of his disabilities due to the access FFCCSB employees had to Inova's patient record system. Plaintiff also states that he requested leave in order to have surgery on his hip which would have alerted FFCCSB to some medical disability. Plaintiff further alleges that he did not always have an African-American manager at FFCCSB, but Nurse Meacham, an African-American woman, was placed over him near the end of his employment to provide cover his eventual firing. Plaintiff also alleges that Nurse Meacham used her ability to access Inova's patient records to use Plaintiff's medical record against him and eventually to support Plaintiff's termination from FFCCSB.

Prior to being fired, Plaintiff was required to undergo a "Fit for Duty" evaluation after requesting leave to have surgery on his hip. On the evaluation form, which was completed on May 13, 2016, the evaluator wrote that Plaintiff's co-workers were afraid of him and that Plaintiff was a threat to his co-workers.

2

Plaintiff was ultimately terminated from FFCCSB on July 21, 2016.

Plaintiff alleges that he continues to be subject to retaliation from FFCCSB and FCG employees he believes are preventing his employment across the country.

Plaintiff filed his first charge with the Equal Employment Opportunity Commission (EEOC) against FCG alleging race and age discrimination along with retaliation on June 1, 2016. Plaintiff received his right-to-sue-letter for that charge on June 14, 2016. Plaintiff filed his second charge against FCG in July 2016 alleging racial discrimination and retaliation. He received his right-to-sue-letter for that charge on September 8, 2016. Plaintiff did not check the box for genetic or disability discrimination on either EEOC charge.

Plaintiff filed this lawsuit on July 3, 2018. Defendants move to dismiss the lawsuit for lack of subject-matter jurisdiction, personal jurisdiction, and failure to state a claim.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint must provide a short, plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and must state a plausible claim for relief to survive

a motion to dismiss, Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court may look beyond the four corners of the complaint in order to satisfy itself of jurisdiction. Mims v. Kemp, 516 F.2d 21, 23 (4th Cir. 1975). The plaintiff has the burden of proving that jurisdiction exists. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Once it is established that there is no subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (internal quotations omitted).

In a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court may only look at the facts pleaded in the complaint when determining its sufficiency on a 12(b)(6) motion. E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). "[I]f the time bar is apparent on the face of the complaint," a court may grant a 12(b)(6) motion on statute of limitations grounds. Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005).

Plaintiff's Amended Complaint alleges eleven counts which are: Violation of the Virginia Business Conspiracy Statute (Count I); Violation of the Americans with Disabilities Act of 1990 (ADA) (Count II); Violation of the Age Discrimination in Employment Act of 1967 (ADEA) (Count III); Violation of Title VII of the Civil Rights Act of 1964 (Count IV); Violation of the Genetic Information Nondiscrimination Act of 2008 (GINA) (Count V); Defamation (Count VI); Breach of Contract (Count VII); Tortious Interference with a Business Expectancy (Count VIII); Statutory Conspiracy (Count IX); Preventing Employment by Others of former Employee, Va. Code Ann. § 40.1-27 (Count X); and Violations of the Fifth and Fourteenth Amendments to the United States Constitution (Count XI).

The Court will first respond to FFCCSB's contention that this court lacks personal jurisdiction over it. FFCCSB argues that it is not statutorily capable of being sued. Rule 12(b)(2) permits dismissal of an action where there is a lack of personal jurisdiction. See, e.g., Muniz v. Fairfax Cty. Police Dep't, No. 1:05-cv-466, 2005 U.S. Dist. LEXIS 48176 *4 (E.D. Va. Aug. 2, 2005). The capacity of an entity that is neither an individual or corporation is determined by state law. Fed. R. Civ. P. 17(b)(3). An entity that does not have capacity to be sued is outside the personal jurisdiction of the court. Muniz, 2005 U.S. Dist. LEXIS 48176 *4.

Virginia law determines the capacity for suit of entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3). When a statutorily created body is not granted the power to sue or be sued in the enumeration of its powers, it is not capable of being sued. See Davis v. City of Portsmouth, 579 F. Supp. 1205, 1210 (E.D. Va. 1983), aff'd 742 F.2d 1448 (4th Cir. 1984). Here, FFCCSB was created by statute, Va. Code Ann. §§ 37.2-500 et seq., and was not granted the power to sue or be sued in the enumeration of its powers, Va. Code Ann. § 37.2-504. As FFCCSB does not have the statutory power to be sued as an entity, it is not a proper party and this Court lacks personal jurisdiction over it.

The Court turns now to FCG's and Inova's claims for dismissal on each count seriatim below.

FCG contends that it is immune from suit on Count I, Business Conspiracy. FCG enjoys sovereign immunity from claims stemming from alleged statutory violations as a political subdivision of the Commonwealth of Virginia unless there is a constitutional or statutory provision waiving such immunity. Mann v. Cty. Bd. of Arlington County, 199 Va. 169, 174 (1957); Fry v. County of Albermarle, 86 Va. 195 (1889) (stating that counties are political subdivisions of the Commonwealth and enjoy sovereign immunity). "Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Here

there is no constitutional or statutory waiver of sovereign immunity for the conspiracy claim alleged by Plaintiff. As FCG is immune from suit in this area, this Court stands without subject-matter jurisdiction as to FCG on Count I.

Inova argues that Plaintiff has failed to state a claim for which relief can be granted in Count I. To state a claim under Va. Code Ann. § 18.2-499, a plaintiff must allege that two or more persons associated, agreed, or concerted together "for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever." Va. Code §18.2-499. This statute applies only to injuries to "business and property interests, not to personal or employment interests." Shirvinski v. U.S. Coast Guard, 673 F. 3d 308, 321 (4th Cir. 2012) (citing Andrews v. Ring, 266 Va. 311, 319 (2003)). Here, Plaintiff's only allegations are that he lost his job with FCG due to the alleged conspiracy and that the alleged conspirators are preventing him from finding employment elsewhere. Plaintiff's employment interests are not protected by the statute and thus Plaintiff has failed to state a claim in Count I.

Both FCG and Inova contend that there is no subject-matter jurisdiction over Count II, ADA Violations, due to the Plaintiff's failure to exhaust administrative remedies. Count II is an employment related claim that must first have been raised

7

in an administrative proceeding before the EEOC. 42 U.S.C § 12117. Only claims stated in the initial EEOC charge or those reasonably related to them may be maintained in a subsequent lawsuit. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996); King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976). The failure to exhaust administrative remedies deprives the court of subject-matter jurisdiction. Jones v. Calvert Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009). In this case, Plaintiff did not raise his claim of disability discrimination when he filed his EEOC charges against FCG because he did not check the box for them on either charging form. This failure to previously raise his disability claim with the EEOC means that Plaintiff did not exhaust his administrative remedies for that claim. Plaintiff's failure to exhaust his administrative remedies deprives this Court of subject-matter jurisdiction over Count II as to both FCG and Inova.

FCG and Inova contend that Plaintiff's employment claims in Counts III and IV, age and race discrimination, respectively, are barred by the statute of limitations. Failure to file within the statute of limitations is treated as a failure to state a claim. See, e.g., Asbury v. Cty. of Roanoke, 599 F. Supp. 2d 712, 716 (W.D. Va. 2009). A plaintiff only has 90 days to file a claim in federal court upon receiving a right-to-sue-letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Plaintiff received his

right-to-sue-letters on June 14, 2016 and September 8, 2016 and filed this lawsuit on July 3, 2018. This is well beyond the 90-day statute of limitations. Thus, Counts III and IV fail.

FCG and Inova both argue that Count V, genetic discrimination, is barred due to Plaintiff's failure to exhaust administrative remedies. Genetic discrimination in the employment context must first go through an administrative process with the EEOC. 42 U.S.C. § 2000ff-6. Only a claim stated in the initial EEOC charge or one reasonably related to it may be brought in a subsequent lawsuit. Evans, 80 F.3d at 963 (4th Cir. 1996); King, 538 F.2d at 583. A court is without subject-matter jurisdiction in the case of a failure to exhaust administrative remedies. Jones, 551 F.3d at 301. Here, Plaintiff did not check the box for genetic discrimination on either charging form with the EEOC. This failure to previously raise the claim of genetic discrimination means that Plaintiff did not exhaust his administrative remedies and this Court stands without subject-matter jurisdiction over Count V.

As to Plaintiff's defamation claim, Count VI, FCG claims sovereign immunity. As a political subdivision of the Commonwealth of Virginia, FCG enjoys sovereign immunity from tort claims unless there is a constitutional or statutory waiver. Mann, 199 Va. at 174. There is no statutory

constitutional waiver of sovereign immunity for defamation claims, thus FCG is immune from suit on Count VI.

Inova argues that that Plaintiff's defamation claim is barred by the statute of limitations. Failure to file a claim within the statute of limitations is treated as a failure to state a claim. Asbury, 599 F. Supp. 2d at 716. Virginia provides a one-year statute of limitations for "every action for injury resulting from libel, slander, insulting words, or defamation." Va. Code Ann. § 8.01-247.1. The fitness for duty evaluation appears to be the sole basis for Plaintiff's defamation claim and it was completed on May 13, 2016. The defamation claim was added to this suit in Plaintiff's Amended Complaint filed on October 10, 2018 placing it outside the statute of limitations period for such a claim. This claim does not relate back to Plaintiff's original complaint as he only raised federal employment claims there. Even if it did relate back, Plaintiff's original complaint was still filed outside the one-year limitations period. Thus, Count VI fails.

FCG and Inova contend that Plaintiff failed to state a claim for breach of contract in Count VII. Under Virginia law, to allege a breach of contract a plaintiff must show: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of

obligation." Filak v. George, 267 Va. 612, 614 (2004). Here, Plaintiff discusses the MLA and states that the defendants breached that contract when they retaliated against him for requesting leave under the Family and Medical Leave Act. None of these allegations include a legal obligation of FCG and Inova to Plaintiff under the MLA as Plaintiff was not a party to that agreement. As Plaintiff was not a party to the MLA and showed no legal obligation owed him under it, he has failed to state a claim for breach of contract in Count VII.

FCG raises the bar of sovereign immunity against Plaintiff's claim for tortious interference in Count VII. As stated above, FCG enjoys sovereign immunity in tort cases absent a waiver. Mann, 199 Va. at 174. There has been no waiver of sovereign immunity by the Commonwealth in cases involving tortious interference, thus FCG is immune from suit on Count VII

Inova makes the contention that Plaintiff failed to state a claim in Count VIII. Under Virginia law, the following four elements are necessary for a prima facie claim of tortious interference: "(1) the existence of a valid contractual relationship or business expectancy; (2) the putative interferer's knowledge of the relationship or expectancy; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the plaintiff." Priority Auto Group, Inc. v. Ford

11

Motor Co., 757 F.3d 137, 143 (4th Cir. 2014) (citing Lewis-Gale Med. Ctr., LLC v. Alldredge, 282 Va. 141, 149 (Va. 2011)). Here, Plaintiff alleges Nurse Meacham, an employee of FCG, used her position and access to information to interfere with his employment by FFCCSB. Nowhere does Plaintiff allege that Nurse Meacham acted on Inova's behalf. Further, any allegations that Inova acted to directly interfere with Plaintiff's employment are absent from the Complaint. Without such allegations, Plaintiff has failed to state a claim in Count VIII.

FCG again raises the bar of sovereign immunity from suit against Count IX, Statutory Conspiracy. As a political subdivision of the Commonwealth of Virginia, FCG enjoys immunity from suit stemming from injuries from alleged statutory violations unless there is a waiver of such immunity. Mann, 199 Va. at 174. The Commonwealth has not waived immunity to any statutory conspiracy claims, thus FCG is immune from suit on Count IX.

Inova argues that Plaintiff has failed to state a claim in Count IX. Plaintiff did not cite a statutory provision as the basis for his statutory conspiracy claim, so the Court will assume the claim arises under Va. Code Ann. § 18.2-499. As noted above, this statute applies only to injuries to "business and property interests, not to personal or employment interests." Shirvinski, 673 F. 3d at 321. Here, Plaintiff's allegations that

12

he lost his job with FCG due to the alleged conspiracy and that the alleged conspirators are preventing him from finding employment elsewhere are not protected by the statute. Thus, Count IX fails.

FCG raises the bar of sovereign immunity from suit to Count X, Preventing Employment by Others of former Employee, Va. Code Ann. § 40.1-27. As noted above, FCG enjoys sovereign immunity as a political subdivision of the Commonwealth absent a waiver. Mann, 199 Va. at 174. There is no constitutional or statutory waiver by the Commonwealth of immunity for this alleged statutory violation, thus FCG is immune from suit on Count X.

Inova argues that Plaintiff failed to state a claim in Count X as no private right of action is provided in the statute. Private citizens are generally unable to enforce a statute unless a private right of action is provided. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001). A Virginia court "would never infer a 'private right of action' based solely on a bare allegation of a statutory violation." Cherrie v. Virginia Health Services, Inc., 292 Va. 309, 315-16 (2016) (citing Vansant & Gusler, Inc. v. Washington, 245 Va. 356, 359–60 (1992)). Here Plaintiff alleges that Inova prevented Plaintiff, as a former employee, from being employed by others even though Plaintiff was never employed by Inova. The statute, Va. Code Ann. § 40.1-27, does not provide a private right of

13

action, nor does any other statutory provision. The Court may not infer a private right of action from a mere alleged violation of a statute and thus Plaintiff has failed to state a claim in Count X.

Regarding Count XI, constitutional due process violations, FCG and Inova make the argument that it is barred by the statute of limitations. The statute of limitations in an action alleging a violation of procedural due process "is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007). Virginia provides a two-year statute of limitations in a personal injury action. Va. Code Ann. § 8.01-243(A). Here, the Plaintiff was terminated by FCG effective July 21, 2016. Plaintiff first raised his due process claims in his Amended Complaint filed October 10, 2018, outside the two-year limitations period. Plaintiff's claims do not relate back to his original complaint as there he only alleged violations of federal employment discrimination laws. Further, Plaintiff has made no allegations regarding the inadequacies of the due process he received while employed for FCG or how Inova contributed to those inadequacies. Lastly, Inova would not be subject to suit for these alleged violations as it is not a state actor. Debauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Thus, Count XI fails.

For the reasons mentioned, the Court concludes that Plaintiff failed to state plausible claims against Defendants and that it is without jurisdiction over numerous counts. Dismissal is granted to all Defendants on all counts. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
November 15, 2018